UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERICK FLORIAN,

      Petitioner,

v.

           Case No.:  2:26-cv-00252-SPC-DNF

MATTHEW MORDANT *et al.*,

      Respondents,

_____/

## **OPINION AND ORDER**

Before the Court are Erick Florian's Verified Petition for Writ of Habeas Corpus (Doc. 1).  The Court served the petition on the U.S. Attorney's Office in Tampa, Florida and the Attorney General in Washington, D.C. and ordered the government to respond to the petition by February 16, 2026.  The government has not responded or otherwise appeared.

Florian is a native and citizen of Guatemala who entered the United States in 2018 as an unaccompanied child and was apprehended by Border Patrol.  The Department of Health and Human Services released him to the custody of a family sponsor.  He has no criminal history and a pending asylum petition.  Also, his U.S. citizen wife filed an immigrant visa petition on his behalf, and it remains pending.  On January 7, 2026, Immigration and Customs Enforcement ("ICE") arrested Florian on his way to work.  He is

currently detained at Alligator Alcatraz without an opportunity to seek release on bond.

The core of Florian's claim is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Florian. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Florian asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

While the government has not responded to Florian's petition, it has presented the same defense in dozens of recent habeas cases with materially identical facts. The government normally argues (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. The Court rejected these arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

2

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Florian's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Florian has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[1]

The Court will thus order the respondents to either bring Florian before an immigration judge for an individualized bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review is the agency that schedules bond hearings. To be clear, subjecting Florian to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Florian receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026), which agreed with the government's interpretation of the INA. The decision is not binding here, and it contradicts the vast majority of district court opinions addressing the issue. The Court respectfully disagrees with the majority's reasoning and finds Judge Douglas's dissent more persuasive. And a circuit split is likely. In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

3

**ORDERED**:

Erick Florian's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)     Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Florian for an individualized bond hearing before an immigration judge or (2) release Florian under reasonable conditions of supervision.  If the respondents release Florian, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 19, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1

4